UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JONATHAN HOUGH[1]  )
a/k/a, JONATHAN TYRONE HOUGH,  )
)  Civil Action No. 0:16-CV-43-HRW
Petitioner,  )
)
v.  )
)  **MEMORANDUM OPINION**
JODIE L. SNYDER-NORRIS, *Warden*,  )  **AND ORDER**
)
Respondent.  )

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Jonathan Hough, a/k/a Jonathan Tyrome Hough, is an inmate confined by the BOP in the Federal Correctional Institution-Ashland, located in Ashland, Kentucky. Proceeding without counsel, Hough has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] in which he collaterally challenges various aspects of his federal drug conviction and his resulting 322-month sentence. Hough has paid the $5.00 filing fee. [D. E. No. 4]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Hough is not represented by an attorney, the Court evaluates his petition under a more lenient

---

[1] The Bureau of Prisons ("BOP") website identifies Hough, BOP Register No. 20753-057, as "Jonathan Tyrone Hough." *See* http://www.bop.gov/inmateloc/ (last visited on May 20, 2016). Accordingly, the Clerk of the Court will be instructed to list "Jonathan Tyrone Hough" as an alias designation for Hough on the CM/ECF cover sheet.

1

standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007)

At this stage of the proceedings, the Court accepts Hough's factual allegations as true and liberally construes her legal claims in his favor. But for the reasons set forth below, the Court determines that Hough is not entitled to the relief which he seeks, and that his § 2241 habeas petition must be denied.

## HOUGH'S CRIMINAL CONVICTION AND SENTENCE AND PRIOR COLLATERAL CHALLENGES

On March 27, 2001, Hough was indicted in a two-defendant, four-count indictment charging him with Count One, possession with intent to distribute approximately 91.7 grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), Count Two, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and Count Four, possession of a firearm in interstate commerce by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Jonathan Tyrone Hough*, No. 1:01-CR-107-NCT-1 (M.D.N.C. 2001). [*Id.*, D. E. No. 1, therein]

On July 2, 2001, Hough pleaded guilty to Counts One and Two of the Indictment. In September 2001, a Presentence Report was prepared, classifying Hough as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("the Guidelines"), based on Hough's prior convictions for "Second Degree Murder" and "Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury."[2] On September 25, 2001, the district court sentenced Hough to

---

[2] Hough's career offender status raised his prospective offense level from 32 to 37 (Presentence Report ¶¶ 16, 22); Hough's acceptance of responsibility lowered his prospective offense level from 37 to 34 (Presentence Report ¶¶ 22-24). With a total offense level of 34 and a criminal history category of VI, Hough was subject to imprisonment of 262 to 327 months according to the Guidelines. (Presentence Report ¶ 53.)

2

a prison term totaling 322 months: 262 months on Count One and a consecutive 60-month sentence on Count Two. [*Id.*, Minute Entry, D. E. No. 23, therein] The Criminal Judgment was entered on October 31, 2001, *see id.*, D. E. No. 23, therein, but Hough did not appeal his sentence.

On October 10, 2002, Hough filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [*Id.*, D. E. No. 39, therein] Hough later amended his § 2255 motion and thus effectively filed two separate § 2255 motions, and as a result, the district court consolidated Hough's two § 2255 motions into one civil proceeding on January 22, 2003,[3] but all § 2255 activity continued to be docketed in Hough's criminal proceeding. On April 30, 2004, the district court denied Hough's consolidated § 2255 motions. [*Id.*, D. E. Nos. 93, 94, therein] Hough appealed, *see* D. E. No. 96, therein, but the Fourth Circuit denied him a certificate of appealability and dismissed his appeal. *United States v. Hough*, 110 F. App'x 367 (4th Cir. 2004) *cert. denied*, 546 U.S. 869 (2005).

On January 28, 2005, Hough filed a notice of appeal of the original Criminal Judgment, *see id.*, D. E. No. 104, 105, therein, but the Fourth Circuit dismissed the appeal for lack of jurisdiction, finding it untimely. [*Id.*, D. E. Nos. 101, 103, therein; *see United States v. Hough*, 142 F. App'x 759 (4th Cir. 2005)] On October 13, 2006, Hough filed a Motion for Relief from Judgment, *id.*, D. E. No. 115, therein] which was denied on February 19, 2008. [*Id.*, D. E. No. 119, therein]

On July 26, 2012, Hough filed another § 2255 motion [*Id.*, D. E. No. 145, therein] which he later amended on August 9, 2012 [*Id.*, D. E. No. 146, therein]. Hough argued that his

---

[3] The Clerk of the district court opened for administrative purposes a separate civil action which consisted of Hough's consolidated § 2255 motions. *See Jonathan T. Hough v. United States*, No.1:02-CV-873-NCT (M.D.N.C. 2002).

3

sentence was no longer valid because under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for one of the predicate felonies supporting the career offender enhancement under the Guidelines. Hough also argued that his murder conviction should no longer count as a predicate offense under the Guidelines because he committed that offense as a youthful offender. The Government filed a Response [*Id.*, D. E. No. 149, therein] opposing Hough's motion.

On August 4, 2015, the Magistrate Judge recommended that Hough's § 2255 motion be denied for lack of jurisdiction, based on the fact that Hough had not obtained the Fourth Circuit Court of Appeals' permission to file a successive § 2255 motion. [D. E. No. 160, pp. 1-2 therein] The district court further concluded that even if Hough's successive § 2255 motion were properly before it, Hough had not demonstrated that he was not a career offender under the Guidelines. [*Id.*, p. 2, therein] The Magistrate Judge explained that Hough qualified as a career offender under the Guidelines based on his two prior convictions: (1) his August 6, 1990, conviction in Guilford County, North Carolina, for second degree murder, and (2) his two July 11, 1994, convictions in Guilford County, for assault with a deadly weapon with intent to kill inflicting serious injury. [*Id.*, p. 2, (citing the PSR, ¶¶ 22, 26, 27)][4]

---

[4] The district court explained:

> These convictions occurred prior to October 1, 1994, the effective date of North Carolina's Structured Sentencing Act, which was the statutory sentencing scheme discussed in *Simmons*. They instead fell under North Carolina's Fair Sentencing Act, with a presumptive term of imprisonment of 15 years for the murder conviction and a presumptive term of six years for the assault convictions, as reflected in the state court judgments.... In fact, Petitioner [Hough] actually received a sentence of twenty-five years for the murder conviction and fifteen years for the two assault convictions, and clearly faced a maximum penalty of more than a year of imprisonment for these predicate offenses. Therefore, even following *Simmons*, Petitioner remains a career offender and his Motion should be denied.

4

The Magistrate Judge also rejected Hough's other argument, that his murder conviction should no longer count because he committed the offense as a youthful offender. The Magistrate Judge explained that the North Carolina state court judgment reflected that Hough was convicted of the murder offense as an adult, not as a youthful offender, and that Hough "...clearly faced more than one year imprisonment, regardless of the sentence actually imposed." [*Id.* p. 3, n. 1] On September 14, 2015, the district court adopted the Magistrate Judge's recommendation, denied Hough's successive § 2255 motion, and denied Hough a certificate of appealability. [D. E. No. 166, therein]

## CLAIMS ASSERTED IN THE § 2241 PETITION

Hough asserts that the savings clause of 28 U.S.C. § 2555 is unconstitutionally vague, citing *Johnson v. United States*, ___U.S. ___135 S.Ct. 2551 (2015), as authority for that proposition. In *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, and that imposing an increased sentence under that clause violates the Constitution's guarantee of due process. Hough reasons that because the ACCA's residual clause has been found to be unconstitutionally vague, the same result should obtain as to the savings clause of § 2255, because it suffers from the same defect. Hough further asks this Court to hold that the North Carolina General Statute, § 14-17, under which he was convicted for murder in 1990, is also void for vagueness based on *Johnson*. It is not entirely clear from the petition, but construing it broadly, Hough may also be challenging his federal sentence under *Johnson*.

Hough further alleges that in numerous instances during his criminal proceeding (including the plea negotiation and sentencing phases) he was denied effective assistance of

---

*Id.*

counsel in violation of his rights guaranteed by the Sixth Amendment of the U.S. Constitution. Hough further claims that his trial counsel was supposed to have filed, on his behalf, a direct appeal to the Fourth Circuit challenging the enhancement/career designation provision of his sentence, but that his counsel not only failed to file the direct appeal, he failed to inform Hough that he was not going to do so, thus precluding Hough from later obtaining relief from his sentence in the district court under § 2255.

Hough argues that because he was denied effective assistance of counsel and due process during his criminal proceeding, his remedy under § 2255 was an inadequate and ineffective means of challenging his detention, and that he is entitled to relief under § 2241. Hough seeks an order "transferring the above-captioned cause of action to the court of original jurisdiction for adjudication of the Petitioner's ineffectiveness claim." [D.E. No. 1-1, p. 28].

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

6

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles*, 180 F.3d at 756. Hough now collaterally challenges his conviction and sentence on Fifth and Sixth Amendment grounds under § 2241 via the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting these claims.

The Court first addresses, and squarely rejects, Hough's argument that the savings clause of § 2255 is unconstitutionally vague. Indeed, the Sixth Circuit has discussed and employed the savings clause of § 2255 on numerous occasions in the context of petitions filed under 28 U.S.C. § 2241, and has never found that the clause suffers from vagueness. *See Charles*, 180 at 756; *Martin v. Perez*, 319 F.3d 799, 805 (6th Cir. 2003) (remanding denial of § 2241 petition based on the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000)); *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012) (applying savings clause of § 2255 to § 2241 habeas petition; finding that *United States v. Santos*, 553 U.S. 507 (2008) applied retroactively, but that Wooten was not entitled to relief under *Santos*). Having determined that the savings clause of §

7

2255 is not vague and unconstitutional, the Court will address whether Hough may avail himself of it.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d at 306-07; *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Id.* at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Hough has not carried that burden in this proceeding. In his § 2241 petition, Hough alleges that his Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel were violated when his trial counsel committed various errors at sentencing, and when his counsel failed to file a direct appeal of his sentence based on his career offender designation. *See* D. E. No. 1-1, pp. 22-37.[5] But the facts surrounding all of Hough's claims alleging ineffective assistance of counsel during the criminal proceeding either were, or should have been, known to Hough when he filed his first round of consolidated § 2255 motions

---

[5] Hough also alleges that he was denied effective assistance of counsel during his "initial review" proceedings, *i.e.*, when he filed his consolidated § 2255 motions in the district court in late 2002 and early 2003. *See* D.E. No. 1-1, pp. 22-37. But the docket sheet from Hough's criminal proceeding does not indicate that Hough had counsel in the first round of § 2255 proceedings; a fair reading of the § 2241 petition indicates that Hough's claim alleging ineffective assistance of counsel is based *solely* on the fact that his trial counsel allegedly failed to file a direct appeal of his enhanced sentence. From that fact, alone, Hough broadly extrapolates that his "…initial review counsel was plainly ineffective." [*Id.*, pp. 26-27]

in late 2002-early 2003, meaning that Hough was required to have asserted his Sixth Amendment ineffective assistance of counsel claims at that time.

This Court is unable to electronically view, through PACER, the motions and order filed in connection with Hough's earlier § 2255 proceeding, but the docket sheet of Hough's North Carolina criminal proceeding clearly reveals that on April 30, 2004, the district court denied the consolidated § 2255 motions. Therefore, broadly assuming that Hough raised his ineffective assistance of counsel claims in his consolidated § 2255 motions in late 2002/early 2003, the district court clearly denied his claim for relief on those issues. Under *Charles*, the fact that a § 2255 motion was denied by the sentencing court does not mean that the prisoner's remedy under § 2255 was inadequate and ineffective. ." *Charles*, 180 F.3d at 756-58.

Conversely, if Hough *failed to assert* his various Sixth Amendment ineffective assistance of counsel claims in his consolidated § 2255 motions, *Charles* still precludes relief, because *Charles* also holds a prisoner's failure to assert a claim in a § 2255 motion does not equate into a finding that his remedy under § 2255 was inadequate and ineffective. [*Id.*] As noted, on October 18, 2004, the Fourth Circuit refused to issue a certificate of appealability when Hough appealed the denial of his consolidated § 2255 motions. *See United States v. Hough*, 110 F. App'x 367 (4th Cir. 2004).

Hough also asks this Court to determine that the North Carolina statute under which he was convicted of murder in 1990 is constitutionally invalid because it is vague. Hough continues to challenge his enhanced sentence on this issue, but again, this sentencing challenge is also one that Hough either could have, and should have, raised either in his consolidated § 2255 motions which he filed in the district court in late 2002/early 2003, or in his second § 2255 motion which

9

he filed in the district court on July 26, 2012, when he challenged the validity of his enhanced sentence on other grounds.[6]

Again, as *Charles* dictates, a petitioner cannot use § 2241 to assert claims which he could have but failed to raise in a § 2255 motion, or to assert claims were either time-barred or procedurally barred under § 2255. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

In summary, Hough had an opportunity to raise all of the sentencing challenges which he now asserts in his prior § 2255 motions, which means that under *Charles*, he is precluded from taking "another bite at the apple" by asserting these Sixth Amendment claims in a § 2241 petition. Thus, Hough has not established that his remedy under § 2255 was inadequate or ineffective to test the legality of his detention, and is not entitled to relief under § 2241.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim

---

[6] The Court notes that on May 19, 2014, Hough unsuccessfully attempted to collaterally challenge his 1990 North Carolina murder conviction and resulting 25-year sentence by filing a motion seeking relief from that sentence under 28 U.S.C. § 2254. *See Jonathan Tyrone Hough v. State of North Carolina*, No. 1:14-CV-407-NCT-JEP, (M.D.N.C. 2014). On May 29, 2014, the Magistrate Judge recommended that Hough's § 2254 motion be denied, because Hough had been released on parole from that state court murder sentence on November 18, 1999 and his 25-year sentence on the murder conviction had expired, and that as a result, Hough was "...no longer serving any sentence for the conviction he challenges." [*Id.*, D. E. No. 2, therein] On June 24, 2014, the district court adopted the Magistrate Judge's recommendation and denied Hough's § 2254 motion. Hough appealed, but the Fourth Circuit denied him a certificate of appealability. [*Id.*, D. E. No. 12, therein; *Jonathan Tyrone Hough v. State of North Carolina*, No. 14-7034 (4th Cir. Sept. 26, 2014)]

is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

To the extent that Hough challenges the *enhancement* of his 322-month sentence, claiming that it was excessive and/or unfounded, Hough does not allege that he is actually innocent of the federal drug and firearm offenses of which he was convicted; he instead challenges only the amount of time which he was ordered to serve in prison. In other words, Hough does not allege that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012). Because the savings clause of § 2255 extends only to petitioners who challenge their underlying convictions, not their sentences,

11

Hough's challenge to his enhanced sentence does not set forth grounds for relief under 28 U.S.C. § 2241.

Because Hough broadly alleges that his trial counsel failed to provide him effective assistance of counsel, and because Hough is proceeding without an attorney, the Court will briefly address two cases, *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), which discuss the circumstances under which a defendant may assert certain types of claims alleging ineffective assistance of counsel. Even broadly assuming that Hough was denied effective assistance of counsel during the plea negotiation process and at sentencing, the Sixth Circuit Court of Appeals and other federal appellate courts have held that these cases do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013).

Broadly construing Hough's § 2241 petition, Hough may be attempting to argue that the Supreme Court's June 26, 2015, decision in *Johnson* provides authority for challenging his 322-month sentence, which, as discussed, was enhanced under the Guidelines. Hough's construed argument may be that because *Johnson* held that the residual clause in the ACCA is unconstitutionally vague, his enhanced sentence under the Guidelines (by analogy) violates his right to due process set forth in the Fifth Amendment of the United States Constitution.

In the context of § 2241, however, Hough's broadly construed challenge to his enhanced sentence lacks merit because in *Johnson*, the Supreme Court addressed the constitutionality of

12

the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Generally, the ACCA increases sentences for certain offenders who have three prior convictions for violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1).

Here, Hough was not enhanced under the ACCA; he was sentenced under the Guidelines, and his sentence was enhanced under Section 4B.1.1 of the Guidelines. Neither the Supreme Court nor the Sixth Circuit has yet determined whether a prisoner may use *Johnson* to collaterally attack a career-offender designation under U.S.S.G. § 4B1.1. But at least five federal courts of appeal, including the Sixth Circuit, "have held that the U.S.S.G.--whether mandatory or advisory--cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015) (internal citations and quotation marks omitted). *See also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *United States v. Tichenor*, 683 F.3d 358, 363-66, 365 n.3 (7th Cir. 2012); *United States v. Wivell*, 893 F.2d 156, 159-160 (8th Cir. 1990)

Further, it does not appear that Hough's sentence was even enhanced under the "residual clause" of the Guidelines, found in § 4B1.2(a)(**2**); the enhancement appears to stem from the "use of physical force" provision, found in §4B1.2(a)(**1**) of the Guidelines. Section 4B.1.1 of the Guidelines provides for an enhanced sentence where "the instant offense of conviction is a felony that is ... a crime of violence ... and the defendant has at least two prior felony convictions of ... a crime of violence." A crime of violence is defined as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-

13

>   (1)   **has as an element the use, attempted use, or threatened use of physical force against the person of another**, or
>
>   (2)   is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(emphasis added).

The prior state court convictions used to enhance Hough's subsequent federal drug conviction were for "Second Degree Murder" and "Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury." Both of these convictions would logically qualify as violent crimes implicating either the use of force or the attempted use of force under §§ 4B1.1 and 4B1.2(a)(1). No scenario appears to exist here involving the "residual clause" of the Guidelines, § 4B1.2(b).

Even broadly assuming that the district court enhanced Hough's federal sentence under the "residual clause" of the Guidelines, § 4B1.2(b), Hough would not be entitled to relief under § 2241 because the provisions of the Guidelines are not subject to the same due process challenge as the ACCA. *See United States v. Stevens*, No. 6:06-CR-85-DCR; 6:15-CV-226-DCR, 2015 WL 9306593, at *2 (E. D. Ky. Dec. 21, 2015) (holding that *Johnson* did not support the defendant's collateral challenge under 28 U.S.C. § 2255 to his sentence enhanced under the residual clause of the Guidelines); *Fletcher v. Quintana*, No. 5:15-CV-286-DCR, 2015 WL 9413097, at *2 (E. D. Ky. Dec. 22, 2015) (rejecting a § 2241 petitioner's *Johnson* challenge to his sentence which was enhanced under the Guidelines); *see also United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015) (finding that the vagueness doctrine does not apply to the residual clause in the federal sentencing guidelines); *see also United States v. Smith*, 73 F.3d

14

1414, 1418 (6th Cir. 1996) (Sentencing Guidelines are not subject to challenge based on a claim based on void for vagueness).

If Hough wishes to challenge his enhanced sentence via a successive § 2255 motion in the district court under *Johnson*, he has until April 17, 2017, in which to do so, as the Supreme Court has now made *Johnson*'s rule retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (Apr. 18, 2016) ("*Johnson* is thus a substantive decision and so has retroactive effect ...."); *see also In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015) (granting a motion to file a second § 2255 petition in light of *Johnson*).[7]

But in the context of 28 U.S.C. § 2241, however, Hough has not alleged grounds entitling him to relief, because the ACCA residual clause at issue in *Johnson* was not used to enhance his sentence, and because the Supreme Court expressly stated that its holding did not "call into question" other portions of the ACCA. *See Johnson*, 135 S. Ct. at 2563. Thus, while the residual clause of the ACCA is void for vagueness, the "residual clause" in U.S.S.G. § 4B1.2(a) is not void for vagueness, assuming that it even applies to Hough's enhanced sentence.

Thus, Hough has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug and firearm offenses of which he was convicted. Because Hough is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

---

[7] *See* 28 U.S.C. §§ 2255(f)(3) (permitting a claim to brought under 2255 within one year after a right newly-recognized by the Supreme Court is made retroactively applicable to cases on collateral review).

15

1.  The Clerk of the Court shall, on the CM/ECF cover sheet, list "Jonathan Tyrone Hough" as an alias designation for Petitioner Jonathan Hough.

2.  Hough's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No.1] is **DENIED**.

3.  The Court will enter an appropriate judgment.

4.  This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This July 12, 2016.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge